# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2022

Lyle W. Cayce
Clerk

No. 20-11184
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jacqueline Marie Guin,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-952

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Jacqueline Marie Guin, federal prisoner # 58612-177, filed a counseled 28 U.S.C. § 2255 motion in which she alleged that her trial attorney was ineffective for failing to fulfill his duty to meaningfully consult with her

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11184

regarding an appeal. The district court denied the § 2255 motion, and we granted a certificate of appealability.

"We review a district court's conclusions with regard to a petitioner's § 2255 claim of ineffective assistance of counsel de novo . . . [and] § 2255 findings of fact for clear error." *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005) (internal quotation marks and citations omitted). To establish ineffective assistance of counsel, Guin must show that her counsel's performance was deficient in that it fell below an objective standard of reasonableness and that the deficient performance prejudiced her defense. *See Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Counsel has a constitutional duty to "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

In this context, "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. If counsel does consult with the defendant, "the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.*

After an evidentiary hearing featuring testimony from both Guin and her trial counsel, the district court found that her counsel was credible and that he did meaningfully consult with her about filing a potential appeal. The district court's factual findings are plausible in light of the record read as a whole, and they are therefore not clearly erroneous. *See United States v. Sanders*, 942 F.2d 894, 897 (5th Cir. 1991). Accordingly, the district court

2

No. 20-11184

did not err in denying Guin's ineffective assistance of counsel claim, *see Molina-Uribe*, 429 F.3d at 518, and the judgment of the district court is AFFIRMED.